**No. 62712.**—Louis Marx & Co. *v.* United States, protest 323938–K (New York).

Opinion by JOHNSON, J. At the trial, it was stipulated that if the certificate of exportation had been filed prior to the liquidation of the entry or the expiration of the collector's review period provided for in section 515, the merchandise would have been liquidated free of duty under paragraph 1615, as amended, *supra.* In view of the stipulation and following Abstract 57104, the claim of the plaintiff was sustained.

**No. 62713.**—Rosenthal-Block China Corp. *v.* United States, protests 283314–K and 283315–K (New York).

Opinion by JOHNSON, J. In accordance with oral stipulation of counsel that the cups and saucers in question are properly classifiable under paragraph 212, as modified, *infra,* the claim at 10 cents per dozen separate pieces and 35 percent ad valorem under the provision in paragraph 212, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T.D. 52739), supplemented by Presidential proclamation (T.D. 52820), for decorated chinaware cups, valued over $4.45 per dozen, and for saucers, valued over $1.90 per dozen, not containing 25 percent or more of calcined bone, was sustained.

**No. 62714.**—Rosenthal-Block China Corp. *v.* United States, protest 283328–K (New York).

Opinion by JOHNSON, J. In accordance with oral stipulation of counsel that the candy boxes are not tableware, kitchenware, or table or kitchen utensils, not containing 25 percent or more of calcined bone, the claim of the plaintiff was sustained.

**No. 62715.**—The Rosenthal-Block China Corporation *v.* United States, protest 300486–K (New York).

Opinion by JOHNSON, J. In accordance with oral stipulation of counsel that the 10½-inch dinner plates and the 5-inch bread and butter plates are dutiable under paragraph 212, as modified, *supra,* the claim of the plaintiff was sustained.